UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHASITY SHANTELL VINSON
On behalf of herself and all others
similarly situated,

      Plaintiff,

      vs.

FLEETCOR TECHNOLOGIES, INC.,
and FLEETCOR TECHNOLOGIES
OPERATING COMPANY, LLC
      Defendants

Civil Action File No.

1:14-cv-01939-ELR-LTW

---

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF
CLASS ACTION SETTLEMENT**

---

Now comes the Named Plaintiff, Chasity Shantell Vinson, by and through

counsel, and hereby moves the Court pursuant to Fed. R. Civ. P. 23 for preliminary

approval of the class settlement, certification of a class for the purposes of

settlement, and approval of form and manner of notice.  A memorandum in support

is attached hereto and incorporated herein.

Respectfully submitted,

_____

James M. Feagle
jfeagle@skaarandfeagle.com

PD.19559486.1

SKAAR & FEAGLE, LLP
2374 Main Street
Suite B
Tucker, GA  30087
(404) 373-1970
(404) 601-1855 (fax)


O'TOOLE, McLAUGHLIN,
DOOLEY & PECORA CO., LPA

/s/ Matthew A. Dooley
Matthew A. Dooley (0081482)
Anthony R. Pecora  (0069660)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:  (440) 930-4001
Facsimile:   (440) 394-7208
Email:
mdooley@omdplaw.com
apecora@omdplaw.com
*Counsel for Named Plaintiff*

## MEMORANDUM IN SUPPORT

## STATEMENT OF FACTS

### I.    Background:

On June 20, 2014, Vinson filed suit against Fleetcor Technologies Inc., on behalf of herself and all other similarly situated individuals (collectively "Class Members") alleging violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681a-1681x (the "Civil Action").  The Complaint specifically claims violations of 15 U.S.C. § 1681b(b)(3) for Fleetcor's alleged failure to provide to job applicants with a copy of their consumer background report, a summary of consumer rights promulgated by the FCRA as well as a meaningful opportunity to address or dispute the background report before adverse action was taken. (Doc. 1) Vinson filed an Amended Complaint on March 3, 2015, adding an additional Defendant, Fleetcor Technologies Operating Company, LLC (referred to collectively along with Fleetcor Technologies Inc. as "Fleetcor.") (Doc. 6)  On December 17, 2015, Vinson filed a Second Amended Complaint asserting a second violation of the FCRA, specifically 15 U.S.C. § 1681b(b)(2) for Fleetcor's alleged failure to provide job applicants with a clear and conspicuous disclosure that it would procure the consumer background report for employment purposes.  (Doc. 42).

After over a year of litigation, including filing a preliminary motion for class certification and propounding formal discovery, the Parties discussed the feasibility of private mediation as a means to resolve the litigation. To effectively evaluate strengths and weaknesses, the Parties also exchanged discovery materials regarding Fleetcor's policies, procedures, and forms related to the use of consumer reports. Equally important, Fleetcor provided information necessary to understand the total number of job applicants affected by the disputed practices.

After reviewing the information and assessing their respective liabilities, the Parties agreed to mediation with Mediator Daniel Klein in Atlanta, Georgia on March 3, 2016. This mediation was difficult and challenging for both sides, with discussions and arguments ranging from class size, reversion of unclaimed funds, to the possible effects of the death of Supreme Court Justice Antonin Scalia on Article III standing to prosecute class-wide statutory damages claims in light of the case *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. May 16, 2016). With Mr. Klein's assistance, and after numerous post-mediation teleconferences and negotiations extending over two months, including a "mediator's proposal," the Parties reached the agreement described below. *See, e.g., See Holman v. Student Loan Xpress, Inc.*, No. 8:08-CV-305-T23MAP, 2009 WL 4015573, at *5 (M.D. Fla. Nov. 19, 2009) ("In this action, no apparent fraud or collusion influenced the parties' reaching a settlement. The settlement is the product of both an arm's length,

"protracted and contentious" negotiation with a mediator and two "mediator's proposals." *In re Sturm, Ruger, & Co. Securities Litig.*, No. 3:09cv1293 (VLB)., 2012 WL 3589610, at *4(D. Conn. Aug. 20, 2012) ("Here, the settlement was reached by experienced, fully-informed counsel after arm's length negotiations with the assistance of a mediator and therefore the parties are entitled to a presumption that the settlement was fair, reasonable and adequate.") (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005)); *see also* Manual for Complex Litigation, Third, § 30.42 (1995) (A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery").

Vinson believes her claims have merit and that if the case did not settle she would prevail at trial.  Fleetcor takes the opposite view.  Regardless, it is understood that if the case proceeded to trial and Vinson failed to prove that Fleetcor willfully violated the FCRA, her claims on behalf of the Class Members would fail, and she, along with any potential class member, would not be entitled to *any* monetary relief.  But, if Vinson did prevail at trial, then she and any potential class member could seek to recover statutory damages between $100.00 and $1000.00, plus attorneys' fees and potentially punitive damages under the FCRA.

In light of the uncertain outcome and the risk of further litigation, the Settling Parties entered into the Stipulation of Settlement (See Exhibit D).

## II.    The Proposed Settlement:

The settlement provides for cash disbursements to Class Members, a *cy pres* distribution for unclaimed funds, a service payment to Vinson, and an attorneys' fee award within the acceptable range for matters of this type.  The salient terms are as follows:

1. Fleetcor agreed to pay a total of Five Hundred Thirty Thousand, Seven Hundred  Fifty-nine and 50/100 Dollars ($530,759.50) (the "Settlement Fund"), from which the following payments to Class Members shall be made after an equal pro rata share of the costs of notice and administration, a service payment, and attorney fees and litigation costs have been deducted.  The Settlement Fund will provide for payment of benefits to all of the above class members without the necessity of any claim form.

2. Notice Subclass (approximately  2,171  members) – which is referenced in paragraph 10.4.1 of the settlement agreement, means all consumers to whom FleetCor allegedly did not provide a clear and conspicuous disclosure that a consumer report may be obtained for employment purposes in a document that consists solely of the disclosure during the five-year period preceding the filing of this action and during its pendency [Each of the 2171 class members is a member of the Notice Subclass].  These subclass members will receive an approximate gross settlement award of $175.00 before the deduction of their pro-rata share of cost of notice and administration, service award, attorney's fees and litigation costs.

3. Adverse-Action Subclass (approximately 111 members) - which is referenced in paragraph 10.4.2 of the settlement agreement means all consumers for whom FleetCor allegedly may have denied or delayed

employment based in whole or in part on a consumer report without first providing the consumer with a copy of the consumer report and written summary of the consumer's rights under the FCRA before denying or delaying employment during the five-year period preceding the filing of this action and during its pendency [111 of the notice Class Members also are adverse action subclass members.] These subclass members will receive a net settlement award of $1,000.00.

4. Fleetcor will not object to a service award to Vinson of up to $12,000.00 and an award of attorney's fees not to exceed 1/3rd of the Settlement Fund. Fleetcor will also not object to a request for the recovery of costs and reasonable expenses incurred by Vinson.

5. No portion of the Settlement Fund will revert to Fleetcor;

6. The cost of notice and administration of the settlement shall be paid from the Settlement Fund; and

7. In the event that settlement checks mailed to Class Members are returned as undeliverable or otherwise not cashed before becoming stale or void the remaining sum shall be disbursed to following four Cy Pres beneficiaries, two selected by each side: Class Counsel: Atlanta Legal Aid and Georgia Watch; Fleetcor: the Lupus Foundation of America and First Steps.   Each Cy Pres beneficiary shall receive one quarter (25%) of the residual fund.

## III.    The Proposed Settlement Meets Rule 23's Preliminary Approval Scrutiny

### A.    The Settlement Falls Well Within the Range Reasonable Outcomes, and Therefore Should Be Preliminarily Approved.

The above settlement represents a fair and reasonable resolution of this dispute and is worthy of notice to, and consideration by, the Settlement Class Members.   It will provide financial benefits to participating Settlement Class

Members and will relieve the parties of the burden, uncertainty, and risk of continued litigation.

Under Rule 23(e)(1)(C), a court may approve a class action settlement if it is "fair, adequate, and reasonable, and not a product of collusion." There is an initial presumption of fairness when a proposed class settlement "is the product of arm's length negotiations, sufficient discovery has been taken to allow the parties and the court to act intelligently, and counsel involved are competent and experienced." H. Newberg & A. Conte, *Newberg on Class Actions* §11.41 (4th ed. 2002).

**B.     The Court Should Grant Class Certification for Settlement Purposes.**

For settlement purposes only, the parties have agreed that the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Class and appoint Vinson and her counsel to represent the Class. "The validity of use of a temporary settlement class is not usually questioned." Newberg, *supra*, § 11:22. The Manual for Complex Litigation, § 21.612, explains the benefits of settlement classes:

> Settlement classes—cases certified as class actions solely for settlement—can provide significant benefits to class members and enable the defendants to achieve final resolution of multiple suits. (citation omitted). Settlement classes also permit defendants to settle while preserving the right to contest the propriety and scope of the class allegations if the settlement is not approved and, in Rule 23(b)(3) actions, to withdraw from the settlement if too many class

members opt out. An early settlement produces certainty for the plaintiffs and defendants and greatly reduces litigation expenses.

For settlement purposes only, the Settlement Class is submitted for certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The Class is defined in the settlement agreement and also appears in Section II(A) of this memorandum, *supra*. As detailed below, the Settlement Class meets all of the applicable certification requirements. Class certification is appropriate when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) has been satisfied. Fed. R. Civ. P. 23; *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004). Although "the settlement class must satisfy each of the requirements of Rule 23(a) and 23(b)(3), the fact of settlement is relevant to a determination of whether the proposed class meets the requirements imposed by the Rule." *Smith v. First Union Mortg. Corp.*, No. 98-5360, 1999 U.S. Dist. LEXIS 10747, at *2 (E.D. Pa. July 19, 1999) at *2.

Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law or fact amongst class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and (iv) that both the named-representative and his counsel have and will continue

to adequately represent the interests of the class (adequacy).  Fed. R. Civ. P. 23(a);

*Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1189-90 (11th Cir. 2009).

### C.    Rule 23(a)

#### 1.    Numerosity.

The first requirement of Rule 23(a) is met when "the class is so numerous

that joinder of all members is impractical."  Fed. R. Civ. P. 23(a)(1); *see also*

*Fabricant v. Sears Roebuck, et al.*, 202 F.R.D. 310, 313 (S.D. Fla. 2010) (finding

that Rule 23(a) requires that joinder be impracticable, not impossible).  Generally,

the numerosity requirement is not met with numbers fewer than 21, but is satisfied

when the class comprises 40 or more members.  *See Cox v. Am. Cast Iron Pipe*

*Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986).

At this time, the Parties estimate that the Settlement Class consists of

approximately 2,171 applicants about whom Fleetcor procured a Consumer Report

for employment purposes (Notice Subclass) and in some 111 instances may have

denied employment based upon information in the report (Adverse Action

Subclass).  These classes are sufficiently large to determine that numerosity has

been satisfied and joinder of these Class Members' claims is not possible.

#### 2.    Commonality.

Rule 23(a)(2) requires that "there are questions of law or fact common to the

class."  To meet the commonality requirement, the plaintiff must demonstrate that

the proposed class members "have suffered the same injury."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  In other words, commonality requires that the claims of the class "depend upon a common contention…of such a nature that it is capable of classwide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.*  Commonality may be shown when the claims of all class members "depend upon a common contention" and "even a single common question will do." *Dukes*, 131 S. Ct. at 2545, 2556.

Here, the Settlement Class consists of those individuals who applied for a job with Fleetcor and were the subject of a consumer report obtained by Fleetcor to evaluate eligibility for employment. Each of these Class Members   was entitled to notices under 15 U.S.C. § 1681b(b)(2) and in some cases the additional adverse action notices mandated by § 1681b(3)(B). The Class Members' claims share common questions of law or fact.

### 3.    Typicality.

Typicality requires that a named plaintiff's claims be typical of other class members.  Fed. R. Civ. P. 23(a)(3).  "[T]ypicality measures whether a significant nexus exists between the claims of the named representative and those of the class at large."  *Hines v. Widnall,* 334 F.3d 1253, 1256 (11th Cir. 2003) (internal

quotation omitted). A finding of commonality will ordinarily support a finding of typicality. *See General Tel. Co. v. Falcon*, 457 U.S. 147, 157 n.13 (1982) (noting how the requirements of commonality and typicality tend to "merge"). Here Vinson received the same alleged faulty disclosure as the 2,171 other Notice Subclass members prior to the procurement of her report and was allegedly denied employment based on her report in the same manner as the other 111 Adverse Action class members. Thus Vinson presents claims that are typical of the claims held by each Class Member.

### 4. Vinson and her counsel are adequate representatives.

Finally, Rule 23(a) requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To meet this requirement, the proposed class representative must not have any interests antagonistic to those of the other members of the class, and she must be represented by competent counsel. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726-28 (11th Cir. 1987).

As named plaintiff, Vinson has no conflicting interests with class members. In fact, by investigating, filing, and vigorously pursuing this case, Vinson has demonstrated a desire and ability to protect class members' interests. She has elected not to pursue solely her individual claims against Fleetcor in this matter,

but instead is prosecuting the case on behalf of a class of persons who, like her, allege to have been subjected to the same conduct.

Vinson's counsel have regularly engaged in FCRA litigation, and have extensive experience in consumer class action lawsuits. In fact, Vinson's counsel have been appointed as class counsel in numerous class actions in this District. "The fact that attorneys have been found adequate in other cases is persuasive evidence that they will be adequate again." *Whitten v. ARS Nat. Services, Inc.*, No. 00-6080, 2001 WL 1143238, at *4 (N.D. Ill. Sept. 27, 2001) (internal quotations omitted). Accordingly, Vinson and her counsel will adequately represent the Settlement Class. The requirements of Rule 23(a) are, therefore, satisfied.

**D.    The Rule 23(b)(3) factors are met for settlement purposes.**

A class action may be maintained under Rule 23(b)(3) if all Rule 23(a) requirements are met and "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. This Rule "encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Fed. R. Civ. P. 23(b)(3) Adv. Comm. N. to 1966 Amend. However, unlike in the litigation

context, in the settlement context, the trial court's concern regarding manageability for trial is removed. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a [trial] court need not inquire whether the case, if tried, would present intractable management problems, [] for the proposal is that there be no trial"). Although in litigation Fleetcor contends that this case would have presented significant manageability issues for purposes of trial, this factor is of no consequence given the proposed settlement. *See id.*

A class action is the superior method of resolving large scale claims if it will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Id.* at 615.

In this case the aggregate claims of the class are comprised of calculable statutory damages between $100.00 and $1,000.00, i.e., amounts that make it uneconomical for individuals to pursue these claims on their own. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) (a class action is the superior method of proceeding when it allows the plaintiffs to pool claims that would be uneconomical to litigate individually). It is thus unlikely that individuals would invest the time and expense necessary to seek relief through litigation. In determining the best available method for resolving a dispute, the Court may

consider the "improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture,* 503 F.2d 1161, 1164-65 (7th Cir. 1974).  In fact, in this case many class members may be unaware of their claims or may not understand their legal rights.  *See Henry v. Cash Today, Inc.*, 199 F.R.D. 566, 574 (S.D. Tex. 2000).  Many others may not have access to competent counsel willing to invest the time and resources necessary to prosecute the relatively small claims.

For these reasons, the class action device is the superior means of resolving this case.

### E. Preliminary approval of Proposed Class Settlement is appropriate.

After determining that a proposed settlement class is appropriate for certification, courts consider whether the proposed settlement itself warrants preliminary approval. The procedure for review of a proposed class action settlement is a well-established two-step process. Alba & Conte, 4 Newberg on Class Actions, § 11.25, at 38–39 (4th ed. 2002). The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." *Id.* (quoting Manual for Complex Litig., § 30.41 (3d ed. 1995)); *Fresco v. Auto Data Direct, Inc.*, No. 03-61063, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no

obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010).

Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See* Manual For Complex Litig. at § 30.42.   Further, there is a strong judicial and public policy favoring the voluntary conciliation and settlement of complex class action litigation. *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits"); *Warren v. City of Tampa*, 693 F. Supp. 1051, 154 (M.D. Fla. 1998), *aff'd*, 893 F. 2d 347 (11th Cir. 1998); *Access Now, Inc. v. Claires Stores, Inc.*, No. 00-14017, 2002 WL 1162422, at *4 (S.D. Fla. May 7, 2002). This is because class action settlements ensure class members a benefit as opposed to the "mere possibility of recovery at some indefinite time in the future." *In re Domestic Air Transport.*, 148 F.R.D. 297, 306 (N.D. Ga. 1993).

Thus, while district courts have discretion in deciding whether to approve a proposed settlement, deference should be given to the consensual decision of the parties. *Warren*, 693 F. Supp. at 1054 (affording "great weight to the recommendations of counsel for both parties, given their considerable experience in this type of litigation").

Here, there should be no question that the proposed Settlement is "within the range of possible approval." To start, the process used to reach the settlement was exceedingly fair.  That is, the proposed Settlement was reached only after almost two years of litigation and several months of mediation-assisted, arms-length negotiation.

Courts consider the following factors in determining whether a settlement is fair, reasonable, and adequate:  "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *see also Dolby v. Butler & Hosch, P.A.*, 2006 WL 2474062, *4 (M.D. Fla. 2006).  "The fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate."  *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988); *see also Strube*, 226 F.R.D. at 698.  As another court in this District has observed:

> That the proposed settlement amounts to a fraction of potential recovery does not render the proposed settlement inadequate and unfair.  "In fact, there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery."

*In re Domestic Air Transportation Antitrust Litigation*, 148 F.R.D. 297, 325 (N.D. Ga. 1993) (quoting *Detroit v. Grinnell Corp.,* 495 F.2d 448, 455 n.2 (2d Cir. 1974). In this case, Vinson actually achieved a significant recovery of several hundred dollars per each and every class member plus an additional $1,000.00 net per person for those class members who were also a member of the adverse action subclass.   These significant recovery amounts, as contrasted with coupon recoveries or nominal cash recoveries, will likely be appreciated and well received by almost every class member.

Application of these relevant factors shows the proposed settlement is fair and adequate and should be preliminarily approved in this case. The likelihood of success for Vinson and the class members is uncertain if they were to proceed to trial.  The class claims and defenses involve complex legal and factual issues and Fleetcor has raised defenses to the class claims that it believes would ultimately defeat the claims of the putative class, preclude class certification, or both.  The Parties believe it is best to resolve this case on the terms to which they have agreed in order to avoid the expense, risk, delay, and uncertainty of further litigation.

A trial in this case would be expensive and lengthy, and this settlement will save significant fees and costs to each side.  Considering the potential risks and expenses associated with continued prosecution of the lawsuit, the uncertainties of trial, the probability of appeals, the certainty of delay and the ultimate uncertainty

16

of recovery through continued litigation, the proposed settlement is fair, reasonable, and adequate.

Finally, the Court may take into consideration the "judgment of experienced counsel." *Holmes v. Cont. Can Co.*, 706 F.2d 1144, 1149 (11th Cir. 1983); *see also Dolby*, 2006 WL 2474062 at *7. Both Vinson's and Fleetcor's counsel have significant class action experience and the settlement is the product of their combined best judgment after much litigation and extended mediation.

## IV. The Notice Should Be Approved in Form and Substance.

To satisfy the requirements of both Rule 23 and Due Process, Rule 23(c)(2)(B) provides that "for any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Rule 23(e)(1) similarly requires that the notice be reasonably disseminated to those who would be bound by the court's judgment. "Notice of a proposed class action settlement is adequate when it is the best notice practicable, reasonably calculated, under the circumstances, to reach absent class members." *Elkins v. Equitable Life Ins. of Iowa*, 1998 WL 133741, *2 (M.D. Fla. 1998).

Notice is proper as long as the average class member would be able to understand it, Newberg § 11:53 at 167, and the substance of the notice describes the nature of the action, the definition of the class to be certified, and the class claims and defenses at issue. *See* Fed. R. Civ. P. 23(c)(2)(B). Further, notice must also explain that settlement class members may enter an appearance through counsel or request to be excluded from the settlement class so as not to be bound by any judgment. *Id.*

The Parties have agreed upon a comprehensive notice plan that easily satisfies the notice requirements of both Rule 23 and Due Process. The Settlement Administrator will send a postcard notice directly via U.S. mail, with an accompanying Claim Form, to the best known address for each class member. Before this mailing is effectuated, all addresses will be updated through the U.S. Post Office's National Change of Address (NCOA) database to ensure that the most current addresses for potential settlement class members are utilized.

There will also be an interactive settlement website, where class members may obtain a long-form notice and will be able to download the settlement agreement and other pertinent documents. There will also be a toll-free interactive voice recognition telephone number, which class members may call to hear details regarding the settlement.

Finally, the Settlement Administrator will cause notice of the proposed Settlement to be served, pursuant to 28 U.S.C. § 1715, within ten (10) days after it is filed with the Court, to the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United States, and other required government officials.  In sum, the proposed methods for providing notice to the Settlement Class fully comport with both Rule 23 and Due Process and should be approved by the Court.

## V.    CONCLUSION

The proposed class meets the requirements of Rule 23(a) as well as Rule 23(b)(3).  Vinson, with Fleetcor's consent, respectfully requests that the Court certify this action as a settlement class action and preliminarily approve the proposed settlement of this matter as set forth in the Stipulation of Settlement together, with the manner and form of notice provided for therein.

Respectfully submitted,

By:   /s/ James M. Feagle
James M. Feagle
Georgia Bar No.  256916
Skaar & Feagle, LLP
2374 Main Street, Suite B
Tucker, GA  30084
Telephone:  (404) 373-1970
Facsimile:   (404) 601-1855
Email: jfeagle@skaarandfeagle.com

19

O'TOOLE, McLAUGHLIN,
DOOLEY & PECORA CO., LPA

/s/ Matthew A. Dooley
Matthew A. Dooley (0081482)
Anthony R. Pecora  (0069660)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:  (440) 930-4001
Facsimile:  (440) 394-7208
Email:        mdooley@omdplaw.com
                    apecora@omdplaw.com
*Counsel for Named Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that I have, on this _____ day of July, 2016, electronically filed Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class Settlement using the CM/ECF system, which automatically sends email notification to the attorneys of record.

/s/ James M. Feagle
James M. Feagle
*Counsel for Named Plaintiff*

20