## SETTLEMENT AGREEMENT

This Settlement Agreement is between Chasity Shantell Vinson ("**Plaintiff**" as defined in paragraph 1.22 below), on behalf of herself and the class she represents ("**Class**" as defined in paragraph 1.4 below) on one hand, and Fleetcor Technologies, Inc. and Fleetcor Technologies Operating Company, LLC (these two entities shall combined be referenced as "**FLEETCOR**" as defined in paragraph 1.30 below) on the other hand.

## RECITALS

WHEREAS, on June 20, 2014, Plaintiffs filed a Complaint in the United States District Court for the Northern District of Georgia, Atlanta Division, captioned *Chasity Shantell Vinson v. Fleetcor Technologies, Inc.,* Case No. 1:14-cv-01939-JEC-LTW.  The Action (defined in paragraph 1.1 below) was transferred to Judge Eleanor L. Ross and the case number was modified to 1:14-cv-01939-ELR-LTW.  The Complaint in the Action was subsequently amended on March 3, 2015 and on December 17, 2015;

WHEREAS, Plaintiff asserted claims on behalf of herself and all similarly situated class members that FLEETCOR violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("**FCRA**" as defined in paragraph 1.32 below).

WHEREAS, FLEETCOR denies the allegations made in the Action, contests all liability with respect to any and all facts and claims alleged in the Action, and denies that Plaintiff and any member of the Class have suffered any injury entitling them to any damages, but nevertheless desires to settle the Action on the terms and conditions herein set forth for the purpose of avoiding the burden, expense, and uncertainty of litigation; putting to rest the controversies engendered by the Action and the issues within the scope of the releases set forth below. FLEETCOR does not admit any liability with respect to the allegations in the Action, retract or surrender any of the factual or legal positions it asserted in the Action, or concede the invalidity of those positions;

WHEREAS, Plaintiff has conducted an investigation into the facts and law and has engaged in arms length settlement negotiations relating to the Action;

WHEREAS, FLEETCOR has identified 2,171 unique persons that fall within the definition of the Class;

WHEREAS, Plaintiff and her counsel have fully analyzed and evaluated the merits of each party's contentions and the terms of this Agreement as it affects all parties, including the individual members of the Class, and, after taking into account the foregoing along with the risks of litigation and the likelihood that the Action will be protracted and expensive if not settled now, they are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that a settlement is in the best interest of the Class.

NOW THEREFORE, in consideration of the covenants and agreements set forth herein, it is agreed that the Action shall be settled, subject to judicial approval, under the following terms and conditions:

1

## DEFINITIONS

1. Definitions

1.1. "**Action**" means *Chasity Shantell Vinson, et al. v. Fleetcor Technologies, Inc., et al.* Case No. 1:14-cv-01939-ELR-LTW in the United States District Court for the Northern District of Georgia.

1.2. "**Agreement**" means this Settlement Agreement.

1.3. "**Benefit**" means the check to be sent to each Class Member.

1.4. "**Class**" means all natural persons residing in the United States who applied for employment with FleetCor, and who were the subject of a consumer report obtained by FleetCor for employment between June 20, 2009 and April 15, 2016.

1.4.1 "**Notice Subclass**" means all consumers to whom FleetCor allegedly did not provide a clear and conspicuous disclosure in writing that a consumer report may be obtained for employment purposes in a document that consists solely of the disclosure during the five-year period preceding the filing of this action and during its pendency. Each of the 2,171 class members is a member of the Notice Subclass.

1.4.2 "**Adverse Action Subclass**" means all consumers for whom FleetCor allegedly may have denied or delayed employment based in whole or in part on a consumer report without first providing the consumer with a copy of their consumer report, a written summary of the consumer's rights under the FCRA and a meaningful opportunity to address or dispute the report before denying or delaying employment during the five-year period preceding the filing of this action and during its pendency. Of the 2,171 members of the Notice Subclass, 111 are also a member of the Adverse Action Subclass.

1.5. "**Class Counsel**" means James M. Feagle, Justin T. Holcombe, Kris Skaar, and Cliff R. Dorsen of Skaar & Feagle, LLP and Anthony R. Pecora and Matthew A. Dooley of O'Toole, McLaughlin, Dooley & Pecora, Co. LPA.

1.6. "**Class Member**" means a member of the Class, excluding any Successful Opt-Out(s).

1.7. "**Class Notice**" means the mailed notice of the Settlement that is contemplated by this Agreement. Such notice shall consist of a one page front and back notice substantially in the form attached as **Exhibit A** (or in such other form agreed to by all of the Parties and approved by the Court).

1.8. "**Class Representative Award**" means the incentive award to the Representative Plaintiff, Chasity Shantell Vinson, under paragraph 4.5 below.

2

1.9. "**Court**" means the Honorable Eleanor L. Ross, United States District Judge for the Northern District of Georgia, and/or such other United States Judge or Magistrate for the Northern District of Georgia to whom the Action may hereafter be assigned.

1.10. "**Fairness Hearing**" means the Final Approval Hearing.

1.11. "**Final Approval**" means the last date on which all of the following have occurred:

1.11.1. The Court has issued all necessary orders under Rule 23 of the Federal Rules of Civil Procedure approving of the Settlement in a manner consistent with the terms and conditions of this Agreement (or in a manner agreed to by all of the Parties).

1.11.2. The Court has entered an order or judgment finally approving the Settlement of the Action in a manner consistent with the terms and conditions of the Agreement ("**Judgment**") (or in a manner agreed to by all of the Parties).

1.12. "**Final Approval Date**" means the date upon which Final Approval occurs.

1.13. "**Final Approval Hearing**" means the hearing scheduled by the Court in accordance with paragraph 4 below.

1.14. "**Judgment**" means the Final Approval Order in the same form of the proposed order attached hereto as **Exhibit C** (or in a form agreed to by all of the Parties).

1.15. "**Parties**" means Representative Plaintiff Chasity Shantell Vinson, the Class, Fleetcor Technologies, Inc. and Fleetcor Technologies Operating Company, LLC.

1.16. "**Preliminary Approval**" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement in the same form as the proposed order attached hereto as **Exhibit B** (or in a form agreed to by all of the Parties).

1.17. "**Preliminary Approval Order**" means an order in the same form as the proposed order attached hereto as **Exhibit B** (or in a form agreed to by all of the Parties).

1.18. "**Preliminary Approval Date**" means the date on which the order or orders constituting Preliminary Approval are entered by the Court.

1.19. "**Releases**" shall mean the releases contained in paragraph 9. below.

1.20. "**Released Parties**" has the meaning specified in paragraph 9.1 below.

1.21. "**Releasing Parties**" has the meaning specified in paragraph 9.1 below.

1.22. "**Representative Plaintiff**" or "Plaintiff" means Chasity Shantell Vinson.

1.23. "**Settlement**" means the resolution of the matters within the scope of the Releases set forth herein, as embodied in this Agreement.

      1.24.   "**Settlement Administration Costs**" means the costs for administering the Settlement provided for herein, including but not limited to the costs of mailing Class Notice to the Class Members and providing the per-Class Member Settlement Benefits to Class Members.

      1.25.   "**Settlement Administrator**" means Dahl Administration, LLC.

      1.26.   "**Settlement Benefits**" means a total payment amount of $530,759.50 that FLEETCOR shall become obligated to fund by operation of the Settlement in the event it gains Final Approval.

      1.27.   "**Class Member Settlement Benefit**" means 1/2171 or .967% of all Settlement Benefits remaining after payment of Plaintiff's attorney fees, costs, and expenses, reimbursement of administration costs to FLEETCOR, payment of any individual incentive award to Plaintiff, and payment of an Adverse Action Subclass Additional Benefit to each of the 111 Adverse Action Subclass members.

      1.28.   "Adverse Action Subclass Additional Fixed Benefit" means a fixed net sum of $1,000.00 that is paid to each of the Adverse Action Subclass members in addition to their proportionate share of the other Settlement Benefits paid to all members of the larger Notice subclass.

      1.29.   "**Benefit Check**" means a check in the amount of the per-Class Member Settlement Benefit to be mailed to each Class Member, plus an additional $1,000.00 net for each Adverse Action Subclass Member.

      1.30.   "**Opt Out**" means any person or persons who timely and validly exercise their right to opt out of the Settlement and Releases under paragraph 14.6 below and Federal Rule of Civil Procedure 23.

      1.31.   "**FLEETCOR**" means Fleetcor Technologies, Inc. and Fleetcor Technologies Operating Company, LLC collectively.

      1.32.   "**FLEETCOR's Counsel**" means Susan W. Furr and Reed L. Russell of Phelps Dunbar, LLP.

      1.33.   "**FCRA**" means the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*.

      1.34.   As used herein, the plural of any defined term includes the singular thereof and vice versa except where the context requires otherwise.

      1.35.   Other terms defined in the text of the Agreement shall have the meaning given those terms in the text.

PD.19618548.1

**SETTLEMENT PROCEDURES**

2.   Preliminary Approval

Within fifteen (15) days of the execution of this Agreement by all Parties, Fleetcor shall deliver a list of Class Members ("**Class Member List**") to the Settlement Administrator and to Class Counsel in Microsoft Excel or similar format. Class Counsel shall within 2 days of receiving the Class Member List file an unopposed motion for entry of a Preliminary Approval Order substantially in the form of **Exhibit B** hereto (a) preliminarily approving the Settlement memorialized in this Agreement as fair, reasonable, and adequate; (b) certifying the Class for settlement purposes only; (c) setting a date for the Final Approval Hearing; (d) approving and authorizing the dissemination of the proposed Class Notices that are attached as **Exhibit A**; (e) setting deadlines for mailing of the Class Notices, filing of objections, filing of motions to intervene, opting out of the Settlement, and filing papers in connection with the Final Approval Hearing and the consideration of the approval or disapproval of the Settlement; (f) appointing the Plaintiff as Class Representatives and Class Counsel as counsel for the provisional settlement Class; and (g) appointing the Settlement Administrator.

3.   Administration

3.1.   Upon Preliminary Approval, FLEETCOR shall as soon as practicable but in no event more than ten (10) business days after Preliminary Approval, send funds sufficient to pay for the estimated notice administration costs associated with the notice process set forth herein.

3.2.   Within twenty (20) business days thereafter, the Settlement Administrator shall mail, or cause to be mailed, to each Class Member the Class Notice in substantially the form of **Exhibit A**. FLEETCOR shall advance the costs associated with notice to the class, including mailing the Class Notice, solely as part of the Settlement Administration Costs, which shall be reimbursed in full from the Settlement Benefits to Class Members.

3.3.   Prior to this mailing, the Settlement Administrator shall update the Class Member List through the National Change of Address database. The Class Notice then shall be mailed to each Class Member and, if returned, re-mailed once to the forwarding address on the returned Class Notice, if any.

3.4.   There shall be no further duty to take any further steps to provide notice or to attempt to locate Class Members. Nothing herein shall restrict the Settlement Administrator from taking any further steps to locate Class Members.

3.5.   The Settlement Administrator shall maintain a copy of the Class Member List for a period of seven (7) years and shall provide a complete copy of such list on demand by either the Court, Class Counsel, or FLEETCOR's counsel.

3.6.   Opt Out / Exclusion. Upon notice as delineated herein and Court approval, any Class Member may elect to opt out or exclude himself from this Settlement. The Class Notice shall permit each Class Member to elect not to be a part of the Class and not to be bound by this Agreement if the Class Member mails the request in written form by first class

5

mail and postmarked no later than the date ordered by the Court and contained in the Class Notice to the Clerk, U.S. District Court for the Northern District of Georgia at the address specified in the Notice. The form shall include the class member's full name and address, his signature, the style of the Action, and it must include a statement in the written request for exclusion that the class member wishes to be excluded from the Settlement.

3.7. Objections. Any Class Member who does not opt out may object to any part of this Settlement Agreement as delineated herein and as explained in the Class Notice.  A Class Member may object to the Settlement by mailing the objection in written form by first class mail and postmarked no later than that date ordered by the Court and contained in the Class Notice to the Clerk, U.S. District Court for the Northern District of Georgia at the address specified in the Notice. The form shall include the style of the Action, the class member's full name, signature, address, telephone number(s), and include a statement of all grounds for objection, whether the Class Member was assisted or advised in the preparation of the objection (including citation of any legal authority on which the class member bases the objection, if any) by counsel and, if so, the name and address of that counsel.

3.8. Unless the Court directs otherwise, the Class Notice shall provide that objections filed by any Class Member shall be filed with the Court no later than Forty Five (45) days after mailing of the Class Notices or shall be forever barred; and that requests by any Class Member to opt out of the Settlement be mailed to the Court postmarked no later than Forty Five (45) days after mailing of the Class Notices or shall be forever barred.

3.9. Subject to Court approval, any unpaid Settlement Benefits remaining after Settlement Funds have been disbursed pursuant to this Settlement Agreement (e.g., uncashed or undeliverable checks) shall be distributed on a *cy pres* basis equally to two beneficiaries selected by Class Counsel, to wit: Atlanta Legal Aid and the National Consumer Law Center, as well as two beneficiaries selected by FLEETCOR, to wit: the Lupus Foundation of America (1850 Lake Park Drive, Suite 101, Smyrna, GA  30089, Attn.: Terri Edmond) and First Steps, Inc., 1900 Graybar Lane, Nashville, Tennessee 37215, Attn.: Heather Higgins, Executive Director).  Each beneficiary is subject to court approval and the parties may reselect a new beneficiary if one is disapproved of by the Court.

4. Final Approval

4.1. At the time appointed by the Court, Class Counsel shall move the Court for entry of a Final Approval Order substantially in the form of **Exhibit C** hereto (a) finally approving the Settlement and the Agreement as fair, reasonable, and adequate; (b) giving the terms of the Settlement, including the Releases, final and complete effect; (c) finding that all requirements of statute, rule, and Constitution necessary to effectuate this Settlement have been met and satisfied; and (d) otherwise directing the entry by the clerk of final judgment of dismissal on the merits and with prejudice in the Action.

4.2. FLEETCOR agrees not to oppose the entry of a Final Approval Order in the form of **Exhibit C** hereto (or in a form otherwise agreed to by all of the Parties) and agrees to support such as necessary for entry and finalization of this Settlement Agreement.

4.3. The Final Approval Order shall provide that all Class Members, including Representative Plaintiff, shall be enjoined from commencing or prosecuting any suit against the Released Parties with respect to the acts or omissions of the Released Parties for claims that are within the scope of the Releases.

4.4. The Parties, solely and exclusively for the purpose of settlement, agree that class counsel has successfully brought a claim under the FCRA and is entitled to an award of reasonable attorneys' fees, costs and expenses and that FLEETCOR agrees not to oppose an award to Class Counsel of attorneys' fees to be paid by FLEETCOR that does not exceed one-third (1/3) of the gross Settlement Benefits. FLEETCOR also additionally agrees not to oppose the reimbursement of any costs or reasonable litigation expenses from the Settlement Benefits.

4.5. Plaintiff and FLEETCOR agree that in addition to any amounts Representative Plaintiff is entitled to for being a member of the Class, Representative Plaintiff shall also receive an incentive award paid to her of $12,000.00 as class representative, subject to court approval.

**SETTLEMENT BENEFITS**

5. Subject to the other terms and conditions of this Agreement, if the Settlement achieves Final Approval, FLEETCOR shall deliver the Settlement Benefits, defined in paragraph 1.26 above, to the Settlement Administrator who shall provide to each Class Member a check for the amount of their respective Class Member Settlement Benefit to be paid from the Settlement Benefits.

6. Payment of the Settlement Benefits by Fleetcor to the Settlement Administrator shall be made no later than thirty (30) days after the later of when (i) thirty-five (35) days have passed after entry of the Judgment and within such time, no appeal is taken, or (ii) the date after all appellate remedies are exhausted and the Judgment is upheld or not altered in a manner that is materially inconsistent with the Settlement and Judgment. The Settlement Administrator shall mail checks to the class members no later than ten (10) days after receipt of the Settlement Benefits from Fleetcor.

7. All Benefit Checks issued pursuant to this Agreement shall bear the legend that they expire if not negotiated within ninety (90) days of their date of issue. Checks that are not returned or negotiated within ninety (90) days of their date of issue shall be re-issued only for good cause and on an individual basis only, but in no event shall a check be re-issued more than one-hundred five (105) days after its original date of issue. For any checks that are returned as undeliverable, or for any other reason, the class administrator shall make a robust attempt at locating the intended recipient of the check, which shall at a minimum include a skip trace on the class member (Fleetcor shall request social security numbers for all class members from Infomart and Sterling for this purpose, and will forward to the Settlement Administrator those numbers that Infomart and Sterling provide), and the original check bearing a new 90 day expiration legend shall then be remailed to the last known address found in the skip trace or other investigative effort. Any secondary mailing of a reissued Benefit Check issued pursuant to this Agreement shall bear the legend that it will expire if not negotiated within ninety (90) days of its issuance date. Secondary checks that are not negotiated within ninety (90) days of their date of

7

issue shall not be re-issued and any and all uncashed checks shall automatically revert to the *cy pres* recipients identified in paragraph 3.9.

## RELEASES & REPRESENTATIONS

8. Releases

8.1. Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the Representative Plaintiff and each Class Member who is not a Successful Opt Out, each of their respective executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, agents and assigns, and all others who claim through them or who assert claims (or could assert claims) on their behalf (including bankruptcy trustees in the capacity as *parens patriae* or on behalf of creditors or estates of the Representative Plaintiff or Class Members) ("**Releasing Parties**"), will be deemed to have completely released and forever discharged Fleetcor Technologies, Inc., Fleetcor Technologies Operating Company, LLC and each of their agents, attorneys, officers, directors, shareholders, insurers, and any other person or entity liable or allegedly liable based on the conduct of any Released Party (collectively, the "**Released Parties**") from any and all claims, known or unknown, which were or could have been brought against Released Parties by Releasing Parties based on an alleged violation of the FCRA.

8.2. As part of the Final Approval Order, the Action shall be dismissed with prejudice. The Court shall enter a Judgment to that effect.

8.3. Additionally, upon Final Approval, based on the separate consideration provided to Plaintiff, Plaintiff does hereby grant a full release and discharge to Released Parties of and from any and all claims, demands, causes, or rights of action whatsoever which Plaintiff may have against any or all of the Released Parties to date, including but not limited to, on account of any alleged or actual lost wages and overtime, denial of leave, violation of policies, termination from employment, breach of contract, discrimination, harassment, retaliation, liquidated damages and general damages, injuries, costs, or expenses whatsoever arising out of or resulting from Plaintiff's employment and termination of employment from FLEETCOR, including all claims asserted by and which could have been asserted by Plaintiff against the Released Parties in the Action, as well as claims under the Fair Labor Standards Act of 1938; Family and Medical Leave Act of 1993; Title VII of the Civil Rights Act of 1964, as amended, 42 United States Code Sections 2000-e et. seq.; the Rehabilitation Act of 1973; the Age Discrimination in Employment Act of 1967, as amended; the Older Worker's Benefit Protection Act; the Employee Retirement and Income Security Act of 1974; the Americans with Disabilities Act of 1990; the Civil Rights Acts of 1866 and 1991; the National Labor Relations Act, as amended; the Equal Pay Act of 1963; and all state and local laws.  As of the Final Approval Date, FLEETCOR and the Released Parties shall be deemed to have released the Representative Plaintiff and Class Counsel from all claims arising out of maintenance of the Action including, without limitation, all claims for attorneys' fees and costs.

9. Representations

9.1. In addition to the provisions hereof, this Agreement shall be subject to the ordinary and customary judicial approval procedures under Federal Rule of Civil Procedure 23(e). Until and unless this Agreement is dissolved or becomes null and void by its own terms or unless otherwise ordered by the Court or if Final Approval is not achieved on terms consistent with the Settlement, Representative Plaintiff, the Class, and Class Counsel represent and acknowledge to each other that they shall in good faith take all appropriate steps in the Action necessary to acquire and preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary Approval and Final Approval of this Agreement as promptly as possible, use their best efforts to resist and oppose any or all objections to the Settlement and any or all attempts to opt out of the Settlement on any basis other than an individual basis, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes (a) the obligation to oppose objections and to defend, protect, and seek enforcement of the Agreement and the Settlement before the Court or before any other court or on appeal, if any; (b) to amend the pleadings and/or seek and obtain the participation of additional plaintiffs, if necessary; (c) to seek approval of this Agreement and of the Settlement by the Court; (d) to move for the entry of the Preliminary Approval Order, Final Approval Order and Judgment; and (e) to join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as are required by FLEETCOR, subject to the Representative Plaintiff's consent, not to be unreasonably withheld.

9.2. The Plaintiff and FLEETCOR represent that they or it are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Party covenants, warrants, and represents that he or she is and has been fully authorized to do so by such Party. Each Party hereto further represents that he, she, or it intends to be bound fully by the terms of this Agreement.

9.3. The Representative Plaintiff, Class Counsel and FLEETCOR represent that they have not, nor will they, (a) attempt to void this Agreement in any way; (b) opt out of the Settlement under this Agreement; (c) solicit or encourage Class Members to opt out; (d) dispute this Court's subject matter jurisdiction over any of the claims; or (e) solicit or encourage any effort by any person (natural or legal) to object to the Settlement under this Agreement..

**MISCELLANEOUS PROVISIONS**

10. This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and nothing in this Agreement nor any action taken to effectuate this Agreement is intended to be an admission or concession of liability of any party or third party or of the validity of any claim. FLEETCOR denies the allegations in the Action and contends that its conduct has been lawful and proper.

11. This Agreement is entered into only for purposes of settlement. In the event that Final Approval of this Agreement and this Settlement does not occur for any reason or the Agreement and/or Settlement is terminated as provided herein, this Agreement shall become null and void. In the event the Agreement shall become null and void, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be

admissible evidence for any purpose. Any classes certified or orders entered pursuant to the Settlement shall be null and void, shall not be an adjudication of any fact or issue for any purpose other than the attempted effectuation of this Agreement, and shall not be considered as law of the case, *res judicata*, or collateral estoppel in this or any other proceeding. In addition, the status of the Action shall revert to the state it was in prior to the Settlement, and the agreements contained herein (including the agreement not to oppose the certification of a class) shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of certification, and the Parties shall have all rights, claims, and defenses that they had or were asserting as of the date of the execution of this Agreement.

12. This Agreement shall be terminable at the option of FLEETCOR if the Opt Outs exceed 5% of the Class, and such option shall be exercised, if at all, within fifteen (15) business days after the deadline set by the Court for submission of opt outs, unless the date is otherwise extended by order or agreement. Further, this Agreement shall be terminable at the option of any of the Parties (a) in the event the Court fails to enter the Preliminary Approval Order, Final Approval Order or any other order contemplated above, or does so in a form different from the forms contemplated by this Agreement and the entered form is not otherwise agreed to by all of the Parties; (b) if this Agreement becomes null and void in accordance with paragraph 12 above; or (c) as otherwise provided in this Agreement.

13. This Agreement is intended to and shall be governed as if a contract executed under the laws of the State of Georgia.

14. The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties with respect to Settlement of the Action, and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. Any modification of this Agreement must be confirmed in a writing signed by Plaintiffs' Counsel and FLEETCOR's Counsel.

15. The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

16. This Agreement shall become effective subject to court approval, upon its execution by all of the Parties and counsel for all of Parties. The Parties and their counsel may execute this Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

17. Although the Court shall enter a Judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.

18. List of Exhibits:

    18.1. Exhibit A – Class Notice to be mailed

    18.2. Exhibit B – Proposed Preliminary Approval Order

18.3. Exhibit C – Proposed Final Approval Order

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

[Remainder of page left intentionally blank. Signature page follows.]

**For Plaintiff and the Class:**

_____  Date: 7/19/16
Chasity Shantell Vinson
Class Representative

_____  Date: 7/19/16
James M. Feagle, Esq.
Skaar & Feagle, LLP
Lead counsel for Plaintiff and the class

_____  Date: 7-19-16
Anthony R. Pecora, Esq.
O'Toole, McLaughlin, Dooley & Pecora, Co. LPA
Co-lead counsel for Plaintiff and the class

**For Fleetcor Technologies, Inc.**

By:_____  Date: _____
Authorized Representative
Fleetcor Technologies, Inc.

_____
Printed Name and Title

**For Fleetcor Technologies Operating Company, LLC**

By:_____  Date: _____
Authorized Representative
Fleetcor Technologies Operating
Company, LLC

18.3.   Exhibit C – Proposed Final Approval Order

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

[Remainder of page left intentionally blank. Signature page follows.]

**For Plaintiff and the Class:**

_____               Date: _____
Chasity Shantell Vinson
Class Representative


_____               Date: _____
James M. Feagle, Esq.
Skaar & Feagle, LLP
Lead counsel for Plaintiff and the class


_____               Date: _____
Anthony R. Pecora, Esq.
O'Toole, McLaughlin, Dooley & Pecora, Co. LPA
Co-lead counsel for Plaintiff and the class


**For Fleetcor Technologies, Inc.**

By: *[signature]*                             Date: 7/20/2016
Authorized Representative
Fleetcor Technologies, Inc.

Crystal F. Williams    SVP Global HR
Printed Name and Title


**For Fleetcor Technologies Operating Company, LLC**

By: *[signature]*                             Date: 7/20/2016
Authorized Representative
Fleetcor Technologies Operating
Company, LLC

11


_Crystal F. Williams_     _SVP Global Human Resources_
Printed Name and Title

_[signature]_     Date: _7/22/16_
Phelps Dunbar, LLP
Susan W. Furr
Reed L. Russell
Counsel for Fleetcor